FILED
**United States Court of Appeals
Tenth Circuit**

**September 18, 2008**

**Elisabeth A. Shumaker
Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DONALD D. JOHNSON,

        Plaintiff-Appellant,

v.

CITY OF CASPER,

        Defendant-Appellee.

No. 08-8006
(D.C. No. 1:07-CV-00039-CAB)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

---

Donald D. Johnson appeals from the district court's order granting

summary judgment in favor of the City of Casper on his federal claim under

42 U.S.C. § 1983 and his state-law claims for breach of contract and declaratory

judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

<u>Background</u>

Mr. Johnson was hired by the City of Casper as an equipment mechanic on July 1, 1981. Over the course of Mr. Johnson's employment, the City periodically updated its policies and issued new employment manuals. In 1999, the City again proposed a new employment manual. In response to the Wyoming Supreme Court's decision in *Brodie v. General Chemical Corporation*, 934 P.2d 1263 (Wyo. 1997), the City offered its employees consideration in exchange for agreeing to be bound by the terms of the new employment manual. The City informed its employees that those who chose not to sign the acknowledgment form would not receive a salary increase or one-time payment of $300 and would remain subject to the current personnel manual dated February 1996. Mr. Johnson chose not to sign the acknowledgment form.

In the summer of 2000, the City authorized a one-percent cost of living adjustment (COLA). Mr. Johnson did not receive this COLA and contacted human resources to find out why. In a letter dated August 3, 2000, the City explained that the new employment manual allowed the City to change the terms and conditions of employment, including the salary and benefits. Because Mr. Johnson had elected to remain subject to the old manual, his benefits, salary, and other terms of employment would be frozen under the terms of the older manual. Since that time, Mr. Johnson received yearly letters explaining that he

would not be receiving COLAs, bonuses, or other benefit changes until he agreed to be bound by the new set of policies.

Although Mr. Johnson acknowledged in his deposition testimony that he believed his rights were being violated as early as August 2000, he did not file the underlying complaint until February 2007. Mr. Johnson's complaint alleged the City's actions violated 42 U.S.C. § 1983 by depriving him of a protected property interest without proper due process. Mr. Johnson alleged also that the City breached its employment contract when he did not receive employment benefits, in the form of COLAs and bonuses. Lastly, Mr. Johnson sought a declaration of the rights of the parties, in his favor, as to his "claim for future COLA[s], wage increases, vacation pay issues, contributions to retirement and interest thereon, attorney's fees and any other items appropriate for resolution by Declaratory Judgment." Aplt. App., Vol. 1 at 13.

Mr. Johnson and the City both moved for summary judgment. The district court granted the City's motion and denied Mr. Johnson's motion. On the § 1983 claim, the district court concluded that Mr. Johnson's action was barred by the applicable statute of limitations because he knew that his rights had been violated as of August 3, 2000, but he failed to file his complaint on or before August 3, 2004. On the breach of contract claim, the district court concluded: (1) the oral statement by the hiring supervisor that Mr. Johnson "'would get COLAs' [was] a mere vague promise, and [was] too indefinite to rise to the level of an enforceable

contract;" and (2) the statement in the employment manual that "'City Council may periodically authorize across-the-board salary adjustments in response to inflation'" did not give rise to a contractual right to COLAs "because the statement . . . was discretionary and couched in permissive, non-mandatory terms." Aplt. App., Vol. 3 at 485-86. On the declaratory judgment claim, the district court reiterated that "[Mr. Johnson] has no claim to benefits pursuant to oral statements made to him at the time of his hiring, or pursuant to any language in the employee handbooks." *Id*. at 487. The court did note, however, that Mr. Johnson could "bring his salary, retirement, and other benefits to the level of other City employees by signing the acknowledgment form provided by the City." *Id*. at 487.

Discussion

We review de novo the district court's summary-judgment ruling. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id*.

Mr. Johnson argues (1) his § 1983 claim is not barred by the statute of limitations because each time the City withheld a benefit it constituted a discrete act of discrimination; (2) the City breached his employment contract because each time the City adopted a salary adjustment, it had a duty to distribute that benefit

across-the-board to all qualified City employees, and it failed to give him those benefits; and (3) because he had an enforceable contract, he was entitled to a declaration of rights in his favor.

Based on our review of the briefs, the record, and the applicable legal authority, we conclude that the district court correctly decided this case. Accordingly, we AFFIRM the district court's decision for substantially the same reasons stated in its thorough and well-reasoned order dated December 18, 2007.

Judge Hartz concurs in the result.

Entered for the Court


Bobby R. Baldock
Circuit Judge